IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**BEECHER CARLSON**
**HOLDINGS, INC.**

   Plaintiff,

     v.

**DAN DEGRANGE &**
**WILLIAM P. MOONEY**,

   Defendants.

Case No. 3:13-cv-01809-JE

OPINION

**MOSMAN, J.**,

   All parties have relied on all or part of the post-2008 version of Or. Rev. Stat. § 653.295. The court has determined that the applicable version of this statute predates the 2008 amendments enacted in Or. Laws 2007, c. 902 § 902, eff. Jan. 1, 2008. Messrs. Mooney and DeGrange entered into the employment agreements at issue in this case in 2005 and 2006, respectively.

   The applicable version of Or. Rev. Stat. § 653.295 reads as follows:

> (1) A noncompetition agreement entered into between an employer and employee is void and may not be enforced by any court in this state unless the agreement is entered into upon the:

1 – OPINION

>> (a) Initial employment of the employee with the employer; or
>
>> (b) Subsequent bona fide advancement of the employee with the employer.
>
> (2) Subsection (1) of this section applies only to noncompetition agreements made in the context of an employment relationship or contract and not otherwise.
>
> (3)
>
>> (a) Subsection (1)(a) of this section applies only to noncompetition agreements entered into after July 22, 1977.
>
>> (b) Subsection (1)(b), subsections (4) and (5) and subsection (6)(a) of this section apply to employment relationships and bonus restriction agreements in effect or entered into after October 15, 1983.
>
> (4) Subsection (1) of this section does not apply to bonus restriction agreements, which are lawful agreements that may be enforced by the courts in this state.
>
> (5) Nothing in this section restricts the right of any person to protect trade secrets or other proprietary information by injunction or any other lawful means under other applicable laws.
>
> (6) As used in this section:
>
>> . . .
>
>> (c) "Noncompetition agreement" means an agreement, written or oral, express or implied, between an employer and employee under which the employee agrees that the employee, either alone or as an employee of another person, will not compete with the employer in providing products, processes or services that are similar to the employer's products, processes or services for a period of time or within a specified geographic area after termination of employment.

Since this version of the statute contains no specific exclusion for non-solicitation agreements, the first question for this court is whether Section 7(f) (and to a limited extent, Section 7(g), which bars solicitation of Plaintiff's employees) of the employment agreements

signed by Defendants are "noncompetition agreements" as defined by the applicable version of Or. Rev. Stat. § 653.295(6)(c). Insofar as Section 7(f) provides that the employee may not "solicit, divert, take away or accept Business from any Customer of Company," it prevents the employee from competing for the business of such customers, notwithstanding that it does not prevent the employee from competing for *other* customers in the insurance brokerage market. I find it likely that Section 7(f) would be found to fall within the statutory definition of "employment agreement." The applicable version of Or. Rev. Stat. § 653.295 makes such agreements void only under certain circumstances not applicable here.

I turn then to whether such an agreement satisfies common law and equitable requirements that predate the amendment of Section 653.295. The parties have put into issue whether the bar on acceptance of business is enforceable, seemingly conceding that a bar on mere solicitation of employees or customers would be enforceable.[1] Oregon courts have required contracts in restraint of trade, such as Section 7(f), to satisfy three requirements. A contract in restraint of trade is enforceable if it is (1) partial or restricted as to time or place; (2) based on good consideration; and (3) reasonable, i.e., it affords "only a fair protection to the interests of the party in whose favor it is made, and [is not] so large in its operation as to interfere with the interests of the public." *Eldridge et al. v. Johnston*, 195 Or. 379, 403, 245 P.2d 239, 250 (1952); *see also Nike, Inc. v. McCarthy*, 379 F.3d 576, 584–85 (9th Cir. 2004), *McCallum v. Asbury*, 238 Or. 257, 264–65, 393 P.2d 774, 777 (1964).

This contract is restricted in time (to two years). Further, it does not prevent all competition, but only competition for the former employer's own customers (as defined in the

---

[1] Defendants argue that they have not violated the non-solicitation bar because they have not affirmatively sought out business from Plaintiff's customers. Similarly, Mr. Mooney has argued that he has not affirmatively solicited Plaintiff's employees. For purposes of determining whether to issue a temporary restraining order I need not decide this question. Rather, I determine that Plaintiffs have shown a likelihood of success on the merits.

3 – OPINION

employment agreement). Defendants have not disputed that they received good consideration for their agreements not to "accept business" from Beecher Carlson's customers. Thus, the central question is whether Plaintiff is likely to succeed in showing, on the merits, that the agreement is reasonable. I find that Plaintiff has made a showing that it is likely to succeed on the merits of this question. The great weight of case law provided in the parties' supplemental briefing is toward the enforceability of such provisions. Similarly, I find that Plaintiff has established a likelihood of success on the enforceability of Section 7(g), the "Non-Solicitation of Employees" covenant.

I find that the factors for the issuance of a temporary restraining order set out in *Winter v. NRDC*, 555 U.S. 7 (2008), tilt in favor of Plaintiff. A temporary restraining order is only appropriate where the plaintiff can establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. I have found that Plaintiff is likely to succeed on the merits, in that I find it likely that Section 7(f) will be found enforceable and that Mr. DeGrange will be found in breach.[2] I make the same finding as to Section 7(g). I find the other *Winter* factors satisfied as to both restrictive covenants.

Therefore, IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order [12] is GRANTED. Defendants are enjoined from breach of the aforementioned restrictive covenants, as provided in my ORDER.

DATED this __24__ day of October, 2013

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[2] There is no allegation that Mr. Mooney himself *directly* solicited Plaintiff's customers. However, I find that Plaintiff has made a showing that Mr. Mooney may have solicited customers through Mr. DeGrange under general principles of agency law.

4 – OPINION