IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**BEECHER CARLSON**
**HOLDINGS, INC.**

        Plaintiff,

        v.

**DAN DEGRANGE &**
**WILLIAM P. MOONEY**,

        Defendants.

Case No. 3:13-cv-01809-JE

ORDER ON PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court on Plaintiff Beecher Carlson Holdings, Inc.'s ("BCHI") Motion for Temporary Restraining Order. The Court heard the arguments of counsel and considered the memoranda and evidence submitted by the parties. Based upon the parties' submissions and arguments, and having fully considered the arguments for and against entry of a Temporary Restraining Order, the Court finds and rules as follows:

    1.    There is a likelihood that plaintiff will succeed on the merits of its claims against defendants Dan DeGrange and William P. Mooney (collectively, "Defendants") alleging that

PAGE 1 - ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Defendants have breached their respective Employment Agreements that they entered into with BCHI and its wholly owned subsidiary, JBL&K Risk Services, LLC (collectively, "Beecher Carlson").

2. Plaintiff will likely suffer irreparable harm in the absence of preliminary injunctive relief.

3. The irreparable injury plaintiff faces outweighs any injury that Defendants will sustain as a result of the Temporary Restraining Order.

4. An injunction is in the public interest under the circumstances presented here.

IT IS HEREBY ORDERED that plaintiff's Motion for Temporary Restraining Order is GRANTED.

IT IS HEREBY ORDERED that from the date of this Order until November 4, 2013:

1. Defendants shall be immediately enjoined from breaching or threatening to breach the non-solicitation provisions of the Employment Agreements as follows:

    a. During the Restricted Period, Defendants will not directly or indirectly solicit or induce, or attempt to solicit or induce, any employee of Beecher Carlson, to terminate his or her relationship with Beecher Carlson and/or to enter into an employment or agency relationship with Defendants or with any other person or entity with whom Defendants are affiliated, including Propel Insurance.

    b. During the Restrictive Period, Defendants will not solicit, divert, take away or accept Business from any Customer of Beecher Carlson for the purpose of providing insurance brokerage, risk management, or related services that are competitive with Beecher Carlson's Business.

PAGE 2 - ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

    c. The term "Customer" means (i) any person or entity that was a customer of Beecher Carlson during the last twenty-four (24) months of Defendants' respective employment with Beecher Carlson; and (ii) any prospective customer that Defendants solicited on behalf of Beecher Carlson during the last twenty-four (24) months of their employment with Beecher Carlson for purposes of selling or providing goods or services related to the Business.

    d. The term "Business" is defined as the business of property and casualty insurance services, employee benefits services, workers' compensation program services, personal insurance services, and risk and claims management services.

    e. The term "Restricted Period" is defined as the total of two (2) years plus a period of time equal to the period between the date upon which the violation first occurred and the date on which the decree of the court disposing of the issues upon the merits shall become final and not subject to further appeal.

  2. Defendants are required to provide a copy of this Order and Preliminary Injunction, if any, to any and all former Beecher Carlson employees that are now employed by Propel Insurance and to any and all former Beecher Carlson customers that moved their account(s) to Propel Insurance.

  3. That Defendants pay plaintiff's reasonable attorney fees incurred herein, pursuant to Section 7(k) of the Employment Agreements.

  4. That the parties engage in expedited discovery, pursuant to the scope of Federal Rule of Civil Procedure 26, on a timeline that allows for the exchange of documents, responses to discovery requests, and the taking of depositions at least three (3) days prior to the below-scheduled preliminary injunction hearing.

PAGE 3 - ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

5.  That Defendants appear on November 4, 2013 in Courtroom 16 of the United States District Courthouse, 1000 SW Third Avenue, Portland, Oregon, at 9:00 a.m. to show cause, if any, why a preliminary injunction should not issue continuing the foregoing injunctive relief or other equitable relief as ordered by the Court.

6.  That, pursuant to Section 7(k) of the Employment Agreements, plaintiff shall not be required to provide security for the temporary restraining order provided hereunder.

IT IS SO ORDERED this __24th__ day of October, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge